UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WILLIAM L. BLACK, on his own behalf and on
behalf of those similarly situated,

                    Plaintiff,

v.                                                    Case No.  5:08-cv-88-Oc-10GRJ

ALTERNATIVE PAINTING SQUARED, INC.,

                    Defendant.
_____

## ORDER

Pending before the Court is Defendant's Motion to Set Aside Clerk's Default. (Doc. 9.) Plaintiff has filed a response in opposition to Defendant's motion (Doc. 10) and therefore the matter is ripe for review.  For the reasons discussed below, Defendant's Motion to Set Aside Clerk's Default (Doc. 9) is due to be **GRANTED**.

## BACKGROUND FACTS

Defendant was served with a copy of the Complaint and Summons on March 5, 2008. (Doc. 3.) Counsel for Defendant represents - and the certificate of service on the motion confirms - that Defendant served its Motion to Dismiss on Plaintiff via United States mail on March 24, 2008.[1]  The docket reflects that the Clerk received Defendant's motion on March 31, 2008.[2]

---

[1] Doc. 9, ¶ 2.

[2] The Defendant represents that the Motion to Dismiss was not filed electronically but mailed due to secretarial error.

On March 28, 2008, Plaintiff filed its Motion for Clerk's Default Against Defendant Alternative Painting Squared, Inc. (Doc. 4.) On March 31, 2008,[3] the Clerk entered the default. (Doc. 6.) Counsel for Defendant represents that he filed the instant motion "immediately upon learning of the Default."[4]

## **DISCUSSION**

Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure the Defendant was required to *serve*[5] a responsive pleading on or before March 25, 2008. Defendant was further required, pursuant to Rule 5(d) to file the responsive pleading with the Court "within a reasonable time after service."

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default."[6]  The good cause standard under Rule 55(c) is a liberal standard[7] and distinguishable from the more rigorous excusable neglect standard.[8]  The general guidelines for setting aside a default in the Eleventh

---

[3] The Motion to Dismiss was filed with the Court on the same day that the Clerk's default was entered.

[4] Doc. 9, ¶ 7.

[5] There is a difference between "serving" and "filing" a pleading.  Pursuant to Rule 5(b)(2)(c) of the Federal Rules of Civil Procedure, *service* is "complete upon mailing."  However, Rule 5(d)(1) provides that, "[a]ny paper after the complaint that is required to be served . . . must be *filed within a reasonable time after service*." FED. R. CIV. P. 5(d)(1) (emphasis added).

[6] Despite Defendant's improper reliance on state law (and corresponding arguments under the "excusable neglect" standard), the"good cause" standard is applicable here pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.

[7] Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion, 88 F.3d 948, 951 (11th Cir. 1996).

[8] EEOC v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 527-28 (11th Cir. 1990).  Rule 55(c)provides that judgment by default may be set aside in accordance with Rule 60(b), which relieves a party from a final judgment for reasons such as: mistake, inadvertence, surprise, or excusable neglect.

Circuit  include whether the default is culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense.[9]

Here, Defendant is not culpable because Defendant's response was timely.[10] The Court also finds that Plaintiff will not be prejudiced if the Court sets aside the default. The case was recently filed, Plaintiff already responded to Defendant's Motion to Dismiss on April 10, 2008,[11] and most notably, the Court has not entered any default judgment in this case. A review of Defendant's Motion to Dismiss discloses that the Defendant has raised at least colorable defenses to the Complaint. This is a sufficient showing to establish that Defendant has the necessary meritorious defenses for purposes of setting a aside a clerk's default under Rule 55(c).[12]

Lastly, as the judicial preference for a trial on the merits weighs heavily in the Court's determination as to whether "good cause" exists to set aside a default,[13]

---

[9] Compania Interamericana Export-Import, 88 F.3d at 951.

[10] Defendant served its response on March 24, 2008 and subsequently filed it with the Court a week later.  Under the circumstances, the Court concludes that seven days is a "reasonable time" under Rule 5(d)(1).

[11] Doc. 8.

[12] Fid. & Deposit Co. of Md. v. Jernagan, No. PCA-87-30080-WS, 1987 WL 49657, at *2-3 (N.D. Fla. July  5, 1987) (citing Rasmussen v. W.E. Hutton & Co., 68 F.R.D. 231, 233 (N.D. Ga. 1975));*see also* Holford USA, Ltd. v. Harvey, 169 F.R.D. 41, 45 (S.D.N.Y. 1996) (holding that defendants satisfied the "low threshold" of the meritorious defense standard by denying all material allegations and asserting several affirmative defenses).

[13] Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc., 740 F.2d 1499, 1510-11 (11th Cir. 1984) (noting defaults are generally disfavored due to strong policy promoting the resolution of cases on their merits).

Plaintiff's response (Doc. 10) sets forth inadequate grounds to justify denying the relief requested by Defendant.[14]

Accordingly, for all of these reasons, Defendant's Motion to Set Aside Clerk's Default (Doc. 9) is hereby **GRANTED** and the Clerk's default entered on March 31, 2008 (Doc. 6) is hereby set aside.[15]

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on June 6, 2008.

GARY R. JONES
United States Magistrate Judge

Copies to:
        All Counsel

---

[14] The Court agrees with Plaintiff that the state law authority Defendant relied on was irrelevant to the resolution of the instant motion. Nonetheless, the Court concludes that Defendant satisfied the less stringent "good cause" standard applicable under Rule 55(c) of the Federal Rules of Civil Procedure.

[15] In view of the fact that the Court has ruled upon the motion, Defendant's Motion to Set Hearing on Motion to Set Aside Clerk's Default (Doc. 13) is due to be **DENIED as moot**.